**Sarbjit KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74936.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

Sarbjit Kaur, Dayton, OH, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Melissa Neiman–Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Sarbjit Kaur, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying as untimely her motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *see Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Kaur's motion to reopen as untimely because Kaur filed her motion five months after the BIA's decision, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of BIA's decision), and failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We are without jurisdiction to review Kaur's challenge to the BIA's January 8, 2004 dismissal of her appeal on the merits, because this petition for review is not timely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

**RYOJI NISHINO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71043.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 12, 2006.*

Decided June 16, 2006.

Kouros Lahooti, Esq., Lahooti Law Offices, Woodland Hills, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Barry J. Pettinato, Esq., Jennifer Paisner, Esq., U.S. Department of Justice, Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Ryoji Nishino, a native and citizen of Japan, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing as untimely his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

Nishino's opening brief states that he "caused his notice of appeal [to the BIA] to be sent by Express U.S. Mail Overnight service on January 8, 2005." There is no evidence in the record to support this statement. *See Gafoor v. INS,* 231 F.3d 645, 655 (9th Cir.2000) ("[O]ur review of BIA decisions is generally limited to the record."). Nishino nonetheless contends

that the BIA's application of 8 C.F.R. § 1003.38 to dismiss his appeal as untimely violated due process. Reviewing de novo, *see Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006), we disagree. Unlike the petitioner in *Gonzalez–Julio v. INS,* 34 F.3d 820 (9th Cir.1994), Nishino has not demonstrated that the applicable regulation "results in uncertainty and arbitrary results." *Id.* at 825.

PETITION FOR REVIEW DENIED.

**Satnam SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74941.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).